IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01478-BNB

MANUEL ARMANDO GUTIERREZ-BORJAS,

    Petitioner,

v.

[NO NAMED RESPONDENT]

    Respondent.

ORDER OF DISMISSAL

    Petitioner, Manual Armando Gutierrez-Borjas, is in the custody of the Federal Bureau of Prisons and is incarcerated at USP-Lompoc, California. Petitioner initiated this action by submitting a Letter (ECF No. 1) to the Court in which he appears to challenge the validity of his criminal conviction in District of Colorado Case No. 13-cr-00250-JLK. This action was opened as a civil suit pursuant to 28 U.S.C. § 2241.

    On May 28, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Gutierrez-Borjas to respond and show cause, within thirty (30) days from the date of the order, why this action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. The Court also observed, however, that a § 2255 motion would not be ripe at this time because Petitioner's direct appeal in the United States Court of Appeals for the Tenth Circuit is pending.[1] *See United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("Absent extraordinary

---

[1] *See* Criminal Action No. 13-cr-00350-JLK, at No. 40.

circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.)" In the alternative, Magistrate Judge Boland directed Mr. Gutierrez-Borjas to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, within thirty (30) days, if he was challenging the execution of his sentence. Petitioner has now failed to respond to the May 28, 2014 show cause order or to file a § 2241 Application.

The Court must construe the Petitioner's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action.

Mr. Gutierrez-Borjas pleaded guilty to one count of Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), and one count of Illegal Re-Entry After Deportation, in violation of 8 U.S.C. § 1326(a), in Case No. 13-cr-00250-JLK. He was sentenced to an aggregate 32-month prison term with the Federal Bureau of Prisons. Judgment was entered on December 17, 2013. As mentioned previously, Mr. Gutierrez-Borjas filed an appeal with the Circuit Court of Appeals for the Tenth Circuit, which is pending.

In his Letter initiating this action, Mr. Gutierrez-Borjas asserts that his conviction violated the Constitution. (ECF No. 1). He also appears to be challenging the legality of his sentence and the quality of counsel's representation before the trial court. (*Id.*).

The purposes of an application for a writ of habeas corpus pursuant to § 2241

and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e). Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Gutierrez-Borjas fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective to attack his sentence. Further, he has not filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Accordingly, it is

ORDERED that this action is DISMISSED without prejudice because Mr. Gutierrez-Borjas fails to demonstrate that the remedy available to him in his criminal action, Case 13-cr-00250-JLK , is ineffective or inadequate to test the legality of his conviction and sentence, and he has otherwise failed to comply with the May 28, 2014, Order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Gutierrez-Borjas files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  8th  day of     July      , 2014.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court